**FLETAMENTOS MARITIMOS, S.A. New Wesburn Holdings, Inc., Tonbridge Shipping Corp., Ltd., Plaintiffs,**

v.

**MARITIMA ALBATROS, S.A., INC., et al, Defendants.**

**No. 91–8732–CIV–RYSKAMP.**

United States District Court, S.D. Florida.

Oct. 22, 1996.

Terrence F. Dytrych, Burman, Critton & Luttier, North Palm Beach, FL, Timothy J. Armstrong, Armstrong & Mejer, P.A., Coral Gables, FL, for Plaintiffs.

Elliot Sherker, Greenberg, Traurig, Allan R. Kelley, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, FL, for Defendants.

## ORDER DENYING EMERGENCY MOTION FOR INJUNCTIVE RELIEF

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon defendants Union Naval de Levante, S.A., Cruceros de Valencia, S.A., and Fernando Abril Martorell ("the Spanish defendants") Emergency Motion for Preliminary Injunctive Relief, filed October 18, 1996. Plaintiff has not had time to respond.

### BACKGROUND

This legally and factually complicated case came before this Court once already. In 1991, plaintiffs, three affiliated foreign corporations collectively known as "Marflet," filed suit in this Court against two sets of defendants, including one group of Spanish nationals ("the Spanish defendants"), and a group of foreign and American defendants affiliated with Norwegian national Oddumnd Grundstad ("the Grundstad defendants"). The lawsuit concerns a dispute over transactions involved in the charter and operation of a cruise ship, the M/V Crown del Mar. The complex facts in dispute need not be addressed at this juncture.

By Order dated May 12, 1993, this Court dismissed the complaint as to the Spanish defendants under the doctrine of *forum non*
conveniens, as enunciated by the Supreme Court in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). An appeal followed, and the Eleventh Circuit affirmed on the *forum non conveniens* issue. No. 93–4792 at 2 n. 2, 73 F.3d 1107 (11th Cir.1995) (unpublished opinion). Meanwhile, plaintiffs were pursuing the same claims in state court. Having succeeded on the *forum non conveniens* argument before this Court, the Spanish defendants raised it again before the Circuit Court. At that time, however, Florida followed a different rule regarding *forum non conveniens* than did the federal courts. Accordingly, the motion to dismiss was denied.

Changes in Florida law resurrected the *forum non conveniens* argument early this year. In *Kinney System, Inc. v. Continental Ins. Co.,* 674 So.2d 86 (Fla.1996), the Florida Supreme Court abandoned its prior approach to *forum non conveniens,* and adopted the federal standard. Thereafter, the Spanish defendants moved again to dismiss on the basis of *forum non conveniens,* but were once again rebuffed in the Circuit Court. The Spanish defendants have appealed this ruling to the Fourth District Court of Appeal, which has not yet heard the case, but which has denied a stay pending appeal.

The case is now set for trial in the Circuit Court on November 4th. In an attempt to avoid the inconvenience of going to trial in Florida, the Spanish Defendants have asked this Court to enjoin the state court proceedings. They claim that such an injunction is necessary to protect this Court's prior order of dismissal on the basis of *forum non conveniens.* Recognizing that federal courts generally may not enjoin ongoing state court proceedings, the Spanish defendants point to the exception to this rule that permits a federal court to enjoin a state court "to protect or effectuate its judgments." The Anti-Injunction Act, 28 U.S.C. § 2283. According to the Spanish defendants, this Court's order of dismissal should have a preclusive effect on the state court proceedings.

### DISCUSSION

No doubt, the *forum non conveniens* arguments rejected in state court are similar to

the arguments accepted by this Court. The question, however, is whether the precise issues before the Circuit Court were previously presented to and decided by this Court. *See Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 147, 108 S.Ct. 1684, 1689–90, 100 L.Ed.2d 127 (1988) ("The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel."). The Court finds that they were not.

As the Spanish defendants appear to recognize, *Chick Kam Choo* controls the outcome of this case. It is not, however, the portions of the opinion upon which these defendants principally rely that the Court finds dispositive. *Chick Kam Choo* involved two issues: choice of law and *forum non conveniens.* On the choice of law issue, the Supreme Court held that the district court properly enjoined the state court from considering the plaintiff's claim under the substantive law of the state of Texas when the district court had previously decided that the substantive law of Singapore should control. 486 U.S. at 150–51, 108 S.Ct. at 1691–92. Because the federal decision "necessarily preclude[d] the application of Texas law, an injunction preventing relitigation of that issue in state court [was] within the scope of the relitigation exception to the Anti–Injunction Act." *Id.* at 150, 108 S.Ct. at 1691–92.

By contrast, the Court held that an injunction was *not* proper to prevent the Texas court from entertaining the issue of *forum non conveniens,* even though the district court had already ruled conclusively on that issue. *Id.* at 149, 108 S.Ct. at 1691. The following passage from *Chick Kam Choo* bears repetition:

> Federal *forum non conveniens* principles simply cannot determine whether Texas courts, which operate under a broad "open-courts" mandate, would consider themselves an appropriate forum for petitioner's lawsuit. [citation omitted]. Respondents' arguments to the District Court in 1980 rejected this distinction, citing federal cases almost exclusively and discussing only federal *forum non conveniens* principles. [citation omitted]. Moreover the Court of Appeals expressly recognized that the Texas courts would apply a significantly different *forum non conveniens* analysis. [citation omitted]. Thus, whether the Texas *state* courts are an appropriate forum for petitioner's Singapore law claims has not yet been litigated, and an injunction to foreclose consideration of that issue is not within the relitigation exception.

*Id.* at 148–49, 108 S.Ct. at 1690–91 (emphasis in original).

The Spanish defendants acknowledge the Supreme Court's unhelpful (to their cause) decision on the *forum non conveniens* issue, but attempt nonetheless to draw support from it. *Chick Kam Choo* is distinguishable, they say, because there the Texas courts applied a different *forum non conveniens* doctrine than the federal courts. In the present case, by contrast, the Florida Supreme Court has expressly adopted the federal standard. Thus, this Court in 1993 and the Circuit Court in 1996 actually decided the same issue (again, according to the Spanish defendants). Furthermore, since the federal court decided it first, the state court is constitutionally bound to respect the prior opinion, and an injunction, therefore, should issue.

The flaw in this analysis is that the Florida courts did not decide the precise issue presented to this Court. Rather, the Circuit Court found that under Florida law (admittedly as resembling federal law), the *forum non conveniens* argument would not bar prosecution of claims against the Spanish defendants in Florida court. The court specifically held that "the federal doctrine—as applied by Judge Ryskamp—differs significantly from the Florida doctrine of *forum non conveniens* as enunciated in *Kinney.*" *Appendix to Memorandum of Law in Support of Emergency Motion for Preliminary Injunctive Relief,* Ex. 16 at 19–20. The court further noted that "*Kinney* establishes a new *Florida forum non conveniens* standard. It does not, as the defendants' claim, adopt all federal decisions respecting *forum non conveniens.*" *Id.* at 20 (emphasis in original).

Where a state court judgment is so interwoven with federal law as to prevent a federal reviewing court from determining whether the opinion rests on federal or state grounds, *see Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983), or where a state court judgment about a state law issue explicitly turns on a determination of the meaning of federal law, *see Delaware v. Prouse,* 440 U.S. 648, 652–53, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660 (1979), a federal court may review the state court judgment. However, a federal court is not competent to overrule a state court on a pure issue of state law. In this case, the Circuit Court has told us that *Florida's* doctrine of *forum non conveniens* does not support dismissal of the claims against the Spanish defendants. It has explained that *Kinney* does not mean that Florida adopts federal law wholesale. Whatever the merits of this holding, whatever its consistency with *Kinney* itself, this Court has no jurisdiction to override it. District courts are not in the business of offering second opinions on issues of state law firmly adjudicated in the state courts. Although some of the reasoning of the state court's opinion may conflict with the reasoning of this Court's opinion, the doctrines of *res judicata* and collateral estoppel may not be invoked to prevent "relitigation" of an issue that this Court never addressed: the propriety under Florida law of *forum non conveniens* dismissal of the claims against the Spanish defendants. The Spanish defendants have recourse in the courts of the State of Florida, and it is in those courts, and not this one, that their claims must be heard.

### CONCLUSION

THE COURT has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Spanish defendants' Emergency Motion for Preliminary Injunctive Relief be, and the same is hereby **DENIED.**